■ STEVEN CRITELLI, Appellant, v COMMONWEALTH LAND TITLE INSURANCE COMPANY, Respondent. [949 NYS2d 487]—

In an action to recover damages for breach of an employment agreement, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated June 10, 2011, as granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's cross motion for summary judgment dismissing the complaint is denied.

The plaintiff entered into an employment agreement with the defendant company, which provided for a term of employment ending on December 31, 2007. In an addendum, the agreement's term was subsequently extended to December 31, 2010. Paragraph 5 of the agreement provided, among other things: "Company may only terminate Employee's employment for 'Cause' upon written notice by Company to Employee, and Employee's employment will terminate on the date specified in such notice." Paragraph 7 provided, in pertinent part: "Notwithstanding anything to the contrary in this Agreement, in the event . . . Company terminates this Agreement with or without Cause, Employee shall be entitled to receive all salary due to the Employee through the date of termination and a prorated portion of the guaranteed incentive payment next due."

On January 8, 2009, the plaintiff's employment was terminated as part of a purported reduction in the defendant's work force, and the plaintiff was paid his salary up to the date of his

termination of employment and his accrued incentive compensation for the preceding year. The plaintiff subsequently commenced this action to recover damages for breach of the employment agreement, alleging that the defendant breached the employment agreement by terminating him without cause, and demanding a judgment in the amount of his unpaid salary and incentive compensation through the end of the agreement's term.

The plaintiff moved for summary judgment on the issue of liability. The defendant cross-moved for summary judgment dismissing the complaint, contending that paragraph 7 of the agreement unambiguously provided that upon termination for any reason, the plaintiff was only entitled to his salary due through the date of his termination and a prorated portion of incentive pay. The Supreme Court denied the plaintiff's motion and granted the defendant's cross motion. The plaintiff appeals from so much of the order as granted the defendant's cross motion. We reverse the order insofar as appealed from.

"A written agreement that is clear, complete and subject to only one reasonable interpretation must be enforced according to the plain meaning of the language chosen by the contracting parties. To determine whether a writing is unambiguous, language should not be read in isolation because the contract must be considered as a whole. Ambiguity is determined within the four corners of the document; it cannot be created by extrinsic evidence that the parties intended a meaning different than that expressed in the agreement and, therefore, extrinsic evidence may be considered only if the agreement is ambiguous. Ambiguity is present if language was written so imperfectly that it is susceptible to more than one reasonable interpretation" (*Brad H. v City of New York,* 17 NY3d 180, 185-186 [2011] [citations and internal quotation marks omitted]).

Here, contrary to the determination of the Supreme Court, the relevant language in the employment agreement was susceptible of more than one reasonable interpretation. One reasonable interpretation of paragraph 5 of the agreement is that the defendant could only terminate the plaintiff's employment for cause, meaning that a termination without cause would be a breach of the agreement. And while paragraph 7 of the agreement provided that the plaintiff was entitled to his salary through the date of termination plus a prorated portion of his guaranteed incentive payment in the event that he was terminated with or without cause, that paragraph does not unambiguously provide that these were the only payments that he was entitled to. Thus, the defendant failed to make a prima

facie showing of its entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). We need not consider the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Accordingly, the Supreme Court improperly granted the defendant's cross motion for summary judgment dismissing the complaint. Skelos, J.P., Balkin, Lott and Miller, JJ., concur.